Note.—Reported in 206 N. W. 1004. See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 349, 39. Cyc. 2095; (2) Pleading, Key-No. 204(3), 31.Cyc. 70, 329.

On Rev. Code 1919, Sec. 2366, see annotations Kerr's Cyc. Code 1920, Civ. Proc., Sec. 457.

On Rev. Code 1919, Sec. 1970, see annotations Kerr's Cyc. Code 1920, Civ. Code, Sec. 3306.

---

SHERIN, Respondent, v. EASTWOOD et al, Appellants.

(207 N. W. 105.)

(File No. 5411.   Opinion filed January 23, 1926.)

1. **Libel and Slander—Pleadings—Complaint Alleging Publication Was Malicious Not Insufficient Because of Circumstances Which Might Otherwise Constitute Privilege.**

   In action for libel, where complaint alleged that publication was malicious, complaint could not be rendered insufficient by circumstances which might otherwise constitute privilege.

2. **Libel and Slander—Damages—Justification—Under Statute, Defendant May Allege Both Truth of Matter and Mitigating Circumstances to Reduce Damages.**

   Under provisions of Rev. Code 1919, Sec. 2369, defendant in libel suit in answer may allege both truth of matter charged as defamatory and any mitigating circumstances to reduce the amount of damages, and, whether he proves justification or not, he may give in evidence mitigating circumstances.

3. **Libel and Slander—Pleadings—Allegations in Defendants' Answer Relative to Justification Held Not Irrelevant or Redundant.**

   In libel suit, where plaintiff alleged defendant had published article charging plaintiff with misconduct as city attorney, in authorizing circus license for inadequate sum, held that paragraphs of defendants' answer alleging truth of publication setting forth ordinance relative to such licenses, and respecting amount of license fee paid by circus, were not irrelevant or redundant, in view of Rev. Code 1919, Sec. 2369, and Const., Art. 6, Sec. 5, whether they be considered to be by way of justification, partial justification, or mitigation.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by Arthur L. Sherin against George H. Eastwood and another. From an order striking certain paragraphs of defendants' answer, they appeal. Order reversed.

*Case & Case,* of Watertown, for Appellants.
*Sherin & Sherin,* of Watertown, for Respondent.

CAMPBELL, J. Action for libel. Defendant demurred to the complaint, and appealed to this court from an order of the trial court overruling the demurrer, which order was affirmed by this court in Sherin v. Eastwood, 46 S. D. 24, 190 N. W. 320, where the complaint is set out in full. Thereafter defendants interposed their answer, which was as follows:

"I. Defendants admit that plaintiff is a resident of the city of Watertown, Codington county, S. D., and that he is in the practice of law, and that, at the time of the publication complained of in the said complaint, plaintiff was the appointed and acting city attorney for the city of Watertown, S. D.

"II. Defendants admit paragraph II of said complaint.

"III. Defendants admit the publication set forth in plaintiff's first cause of action, but allege that the said publication as set forth in plaintiff's complaint is not the complete publication, and allege that the publication set forth in plaintiff's first cause of action was published in the Watertown Herald under date of July 14, 1921, but that, in setting forth the said article or publication in said complaint, plaintiff only quoted a part or portion thereof.

"IV. Defendants deny each and every other matter and thing set forth in said complaint except as herein specifically admitted, and deny said publication was made unlawfully, wrongfully, or maliciously or with intent to injure plaintiff in his occupation and profession as attorney at law or otherwise, and deny that said publication was made with express malice toward plaintiff or with any malice whatsoever, or for the purpose of injuring plaintiff in his occupation and profession or otherwise, and deny specifically paragraph III of plaintiff's first cause of action, except that part of the publication contained therein, and specifically deny that by the publication thereof plaintiff was damaged in any sum or sums of money or in any manner whatsoever.

"V. Defendants specifically deny that the said publication was published by the defendants with the meaning therein or thereby as alleged by plaintiff by innuendo or construction or as attempted to be alleged by him in his complaint, and deny that the article is susceptible or subject to the meaning or constructions placed thereon by plaintiff as the basis for his action for damages herein, or susceptible or subject to any meaning or construction therein injurious to plaintiff in his professional or social standing

or otherwise, or exposing to hatred, contempt, ridicule, or obloquy or causing him to be shunned and avoided, unless or except as the same may call the attention of the public to his conduct and acts as attorney for the city of Watertown, S. D., with reference to said subject-matter; and, as such, defendants deny that said article was wrongfully, maliciously, or unlawfully published, but that the same referred to matters of public interest and concern and was a privileged communication, and was published as an item of news and for the express purpose only of public information with relation to the acts and doings of the plaintiff as a public servant and public official, to wit, city attorney of the city of Watertown, S. D., and concerning acts in which the public had a financial and pecuniary interest and was entitled to know.

"VI.    Further answering said complaint, defendants allege that on the 25th day of June, 1918, and while plaintiff was city attorney and performing the duties of office of city attorney in and for the city of Watertown, S. D., there was duly passed and approved with his knowledge what is known as Ordinance No. B-38, which said ordinance was duly passed, approved, published, and then and there became and was and ever since has remained · the ordinance and only ordinance of the city of Watertown, S. D., with reference to the license charge for circuses and menageries exhibiting within the city of Watertown, S. D., as plaintiff at all times well knew; that the said Ordinance No. B-38 is in words and figures as follows, to-wit:

" 'Ordinance B-38.

" ' Introduced by Alderman J. W. Balsiger.

" 'An ordinance regulating the license of circuses and menageries and other entertainments or exhibitions within the city of Watertown, South Dakota.

" 'Be it ordained by the city council, city of Watertown, South Dakota.

" 'Section I.    (Circuses, Menageries, etc.)    Any person or persons, firm or corporation, who shall give or exhibit any circuses or menagerie combined or any Wild West show, shall pay a license fee as follows:    If the admission fee charged be more than fifty cents per person, $300.00 per day; if the admission fee charged be more than twenty-five cents, but not more than fifty cents per

person, $250.00; if the admission fee charged be not more than twenty-five cents per person, $50.00.

. " 'The foregoing license fee shall carry with it the right for the licensee, his agents or servants, to sell upon the public streets, souvenirs, balloons, and other articles, usually sold on such occasions, provided, however, said agents or servants are authorized by said licensee to sell for them, and are properly labeled and a permit therefor is secured from the city auditor.

" 'For all shows entertainments, exhibitions or performances not otherwise specified, and given for reward or profit in any place other than in a regular licensed opera house, $25.00 per day; provided, that no license shall be required for any lectures or exhibitions of a purely literary or scientific entertainment, nor for any concert for charitable or public benefit.

" 'Provided, that nothing in this ordinance shall permit the licensing or showing of carnivals or other exhibitions given under canvas where a separate admission fee is charged for different exhibitions.

"Sec. II. All ordinances or parts of ordinances in conflct with the provisions of this ordinance are hereby repealed.

" 'Passed first reading, June 18, 1918.

" 'Passed second reading, June 25, 1918.

" 'Approved June 25 ,1918.

" 'A. T. Hopkins, Mayor.

" 'Attest:   H. C. Wood Auditor.'

"VII.   That prior to the publication of the said article complained of by plaintiff, a circus and menagerie operating under the name of Rhoda Royal Circus sent its advance agent to the city of Watertown for the purpose of securing a license to permit the said Rhoda Royal Circus to exhibit in the city of Watertown during the month of July, 1921. That the said Rhoda Royal Circus was a three-ringed circus and menagerie combined, advertising and operating as such, and gave its exhibitions as a three-ringed circus and menagerie in the city of Watertown during the month of July, 1921, after obtaining its license from the city of Watertown for the sum of $25, as appears from the record in the office of the city auditor at the city of Watertown, S. D., and charged therefor an admission fee of 75 cents to adults, and received such admission fees from the people of Watertown at its exhibition.

"VIII.   That, as city attorney, it was the duty of plaintiff in matters of legal advice and conduct to protect the interest of the citizens and taxpayers in all matters coming before him or under his notice, and it was his duty to be advised, and he was advised and had knowledge, of the provisions of the said Ordinance B-38.

"IX.   That at the time of the issuing of the license for the said Rhoda Royal Circus, defendants had been informed and believed the truth to be that the plaintiff well knew that the Rhoda Royal Circus was a three-ringed circus and menagerie combined, and intended to exhibit as such and to charge admission fee of 75 cents to adults, and that, with the knoweldge of such facts, he advised the city auditor of the city of Watertown, S. D., to issue said license to the said Rhoda Royal Circus for the sum of $25, granting the privilege for a complete exhibition of its circus and menagerie, including a license for its servants and peddlers to proclaim, hawk, sell, and distribute their goods, wares and merchandise such as are usually carried, hawked, and distributed by such persons throughout the city of Watertown during the period of the day of its exhibition in said city, and that said advice was given by the plaintiff contrary to the ordinance heretofore set out, which was then and there in full force and effect, all of which plaintiff well knew, thereby violating his duty as city attorney to the city of Watertown, permitting the city of Watertown, its citizens and taxpayers to be cheated and defrauded of the fees and licenses to be charged under its ordinance, and to which they were legally entitled.

"X.   That defendants, as publishers and editors of the Watertown Herald, which was then and has been for many years last past a public newspaper of general circulation, published said article in good faith, and with the honest belief of the facts therein contained with reference to the granting and obtaining of the license for the Rhoda Royal Circus, and published the same in good faith in the interest of, and for the benefit of the public in the city of Watertown, S. D., taxpayers, and persons interested in the financial affairs of the city of Watertown, and did not publish said article with any other motive or any other purpose.

"Defendants' further answering said complaint and as their defense to plaintiff's second cause of action, admit, deny, and allege:

"I.  Defendants admit that plaintiff is a resident of the city of Watertown, S. D., and that he is in the general practice of law, and that, at the time of the publication complained of in the said complaint, plaintiff was the appointed and acting city attorney for the city of Watertown, S. D.

"II.  Defendants admit paragraph II of plaintiff's first cause of action, referred to in paragraph I of said complaint.

"III.  Defendants admit the publication set forth in paragraph II of plaintiff's second cause of action, but specifically deny each and every other part of said paragraph II, and deny each and every other matter and thing in said complaint alleged and in said second cause of action not specifically admitted, and deny that plaintiff has been damaged by the alleged second cause of action in any sums of money or in any manner whatsoever.

"IV.  Further answering said complaint, defendants allege that on the 25th day of June, 1918, while plaintiff was city attorney in and for the city of Watertown and performing the duties of such office, there was duly passed and approved with his knowledge what is known as Ordinance No. B-38, which said ordinance was duly passed, approved, and published, read, and then and there became, and was and ever since has remained the ordinance of the city of Watertown, S. D., with reference to the licenses and fixed charges for the licenses, for circuses and menageries exhibiting within the city of Watertown, as plaintiff at all times well knew.

"V.  That the said Ordinance No. B-38 is the same as set forth in paragraph VI, of defendants' answer to plaintiff's first cause of action, and, by reference and for the sake of brevity, is hereby re-referred to and realleged the same as set out in full.

"VI.  That, prior to the publication of the article complained of by plaintiff in his second cause of action, a circus and menagerie operating under and known as the Rhoda Royal Circus sent its advance agent to the city of Watertown for the purpose of obtaining a license to permit the said Rhoda Royal Circus to exhibit in the city of Watertown during the month of July, 1921. That the said Rhoda Royal Circus was a three-ringed circus and menagerie combined, advertising and operating as such, and gave its exhibition as a three-ringed circus and menagerie in the city of Watertown during the month of July, 1921, after obtaining

and under its license so obtained from the city of Watertown, for which it paid the sum of $25 and no more, as appears from the record in the office of the city auditor at the city of Watertown, S. D., and defendants allege that the said Rhoda Royal Circus charged and received from the citizens of Watertown and surrounding country an admission fee of 75 cents for adults to its exhibition and menageries.

"VII. That at the time of the issuing of the license for the Rhoda Royal Circus aforesaid, defendants had been informed and believed the truth to be that plaintiff well knew that the Rhoda Royal Circus was a three-ringed circus and menagerie combined, and intended to exhibit as such in the city of Watertown and to charge an admission fee of 75 cents to adults, and that, with the knowledge of such facts, he advised and procured the city auditor of the city of Watertown, S. D., by such advice to issue said license to the said Rhoda Royal Circus for the sum of $25, granting the privilege for a complete exhibition of its circus and menagerie, including a license for its servants and peddlers to proclaim, hawk, sell, and distribute their goods, wares, and merchandise such as are usually carried, hawked, and distributed by such persons throughout the city of Watertown during the period of the day of its exhibition in said city. And that said advice was given by the plaintiff contrary to the ordinance heretofore set out and referred to, which was then and there in full force and effect, all of which plaintiff well knew, thereby violating his duty as city attorney to the city of Watertown permitting the city of Watertown, its citizens and taxpayers to be cheated and defrauded of the fees and licenses to be charged under its ordinance, and to which they were legally entitled.

"VIII. That defendants, as publisher and editors of the Watertown Herald, which was then and has been for many years last past a public newspaper of general circulation, published said article in good faith and with the honest belief of the facts therein contained with reference to the granting and obtaining of the license for the said Rhoda Royal Circus, and published the same in good faith in the interest of, and for the benefit of, the public in the city of Watertown, S. D., taxpayers and persons interested in the financial affairs of the city of Watertown,

and did not publish said article with any other motive or for any other purpose.

"IX. Defendants specifically deny that the said article was published unlawfully, wrongfully, or maliciously or with the intent to injure plaintiff in his occupation or profession as attorney at law or otherwise, or that the same was false, defamatory, or libelous, or that the same was maliciously composed or published for the purpose of exposing plaintiff to hatred, contempt, ridicule, or obloquy, or to cause him to be shunned and avoided by all the society, or to injure him in his occupation as attorney at law or otherwise.

"X. Defendants specifically deny that the said publication, as published and set forth in said complaint, was published by the defendants with the meaning therein or thereby, as alleged by plaintiff, by innuendo or construction, or as attempted to be alleged by him in said complaint, and deny that the article is susceptible or subject to the meaning or construction placed thereon by plaintiff as the basis for his said action for damages herein, or that said article is susceptible or subject to any meaning or construction therein, injurious to plaintiff in his professional or social standing or otherwise, or exposing him to hatred, contempt, ridicule, or obloquy or causing him to be shunned or avoided, unless or except as the same may call the attention of the public to his conduct and acts as city attorney for the city of Watertown, S. D., with reference to said subject matter; and as such, defendants deny that said article was wrongfully, maliciously or unlawfully published, but the same referred to matters of public interest and concern, and was a privileged communication, and was published as an item of news, and for the express purpose of public information with relation to the acts and doings of the plaintiff as a public servant and public official, to wit, city attorney of the city of Watertown, S. D.

"XI. Defendants allege that the facts set forth in said publication were true in substance with regard to the manner of issuance and the obtaining and issuance of the license hereinbefore referred to.

"Wherefore, defendants demand judgment that plaintiff take nothing by his action, and that the same be dismissed, and that they recover their costs and disbursements in this action."

Thereafter, upon motion of the plaintiff, paragraphs VI, VII, and IX of the answer to the first cause of action and paragraph XI of the answer to the second cause of action were stricken from the answer, upon the ground that said paragraphs were irrelevant and redundant and did not state any defense to the respective causes of action as alleged in the complaint, and, from the order striking out said paragraphs of the answer, defendants have appealed to this court.

[1] Respondent seems to entertain the view that this court, by its decision upon the demurrer to the complaint as reported in 46 S. D. 24, 190 N. W. 320, intended to hold that the publications in question were not privileged. We therefore point out in passing that the former decision did not determine any question of privilege, nor could the question of privilege or qualified privilege be presented by the demurrer. The complaint specifically alleged that the publication was malicious, and, if malicious, then circumstances which might otherwise constitute privilege could not render the complaint insufficient. See Howe v. Thompson, 35 S. D. 1, 150 N. W. 301; Schull v. Hopkins, 26 S. D. 21, 127 N. W. 550, 29 L. R. A. (N. S.) 691.

[2] Under the provisions of section 2369, Rev. Code 1919, defendant, in an action for libel, may in his answer allege both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the amount of damages, and, whether he proves justification or not, he may give in evidence the mitigating circumstances. Under section 5, art. 6, of the Constitution, in all trials for libel, the jury is given the right to determine the fact and the law under the direction of the court.

[3] We believe that the defendants properly pleaded the matter set out in the paragraphs in question, whether the same be considered by way of justification, partial justification, or mitigation, and that said paragraphs were not irrelevant or redundant.

The order appealed from must therefore be reversed.

SHERWOOD, J., disqualified and not sitting.

Note.—Reported in 207 N. W. 105. See, Headnote (1), American Key-Numbered Digest, Libel and slander, Key-No. 83, 37 C. J. Sec. 350; (2) Libel and slander, Key-No. 95, 37 C. J. Sec. 387; (3) Libel and slander, Key-No. 94(4), 37 C. J. Sec. 375.

On Rev. Code 1919, Sec. 2369, see annotations Kerr's Cyc. Code 1920, Civ. Proc., Sec. 461.